817 F.2d 757
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vivian L. MORROW, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 86-1436.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1987.
 
 Before KENNEDY, RYAN and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff appeals from an order of the district court affirming the decision of the Secretary to deny social security disability benefits.
 
 
 2
 It was plaintiff's burden to establish an inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment. The findings of the Secretary, as to any fact, if supported by substantial evidence, are conclusive. Haynes v. Secretary of Health & Human Services, 734 F.2d 284, 287 (6th Cir. 1984).
 
 
 3
 Accordingly, since plaintiff disputes the Secretary's findings, the standard to be applied in our review of the Secretary's decision is the same as that which the district court was required to apply--whether the decision of the Secretary is supported by substantial evidence.
 
 
 4
 It is not for us to reweigh the evidence de novo with a mind to substituting our view of the evidence for that taken by the Secretary, should we disagree with his conclusion. Instead, we are to examine the evidence with a mind to determining whether the Secretary's conclusion is rational, in the sense that it is supported by the kind of relevant evidence which a reasonable mind might accept as adequate to support a conclusion. See Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 5
 The Social Security Act defines "disability" in terms of the effect a physical or mental impairment has upon a person's ability to function in the work place. It provides disability benefits only to persons who are unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. 42 U.S.C. Sec.423(d)(1)(A). And, it specifies that a person must not only be unable to do his previous work, but must be unable, considering his age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. Sec.423(d)(2)(A).
 
 
 6
 The Secretary has promulgated regulations implementing this definition. They recognize that certain impairments are so severe that they prevent a person from pursuing any gainful work. See 20 C.F.R. Sec. 404.1520(d). A claimant who establishes that he suffers from one of these impairments will be considered disabled without further inquiry. If a claimant suffers from a less severe impairment, the Secretary must determine whether the claimant retains the ability to perform either his former work or some less demanding employment. If a claimant can pursue his former occupation, he is not entitled to disability benefits. If he cannot, the Secretary must determine whether the claimant retains the capacity to pursue less demanding work.
 
 
 7
 The regulations divide this inquiry into two stages. First, the Secretary must assess each claimant's present job qualifications. In doing so, the Secretary must consider the claimant's physical ability, age, education, and work experience. Second, the Secretary must consider whether jobs exist in the national economy that a person having the claimant's qualifications could perform.
 
 
 8
 Plaintiff first contends that the Secretary erred in not finding that her physical and mental impairments, either singly or in combination, were of a nature as to fall within the severe impairment listings found in the regulations. We have reviewed the decision of the Administrative Law Judge ("A.L.J.") and conclude that he relied upon substantial evidence to arrive at the contrary conclusion, and to determine that plaintiff had residual 'functional capacity to perform sedentary work with a sit/stand option. Plaintiff relies upon exhibits from her attending physician, Wallace Johnson, M.D., to support her characterization of her physical impairment, and of its extent. However, we note that, with the exception of a note from Dr. Johnson (provided on the type of form that one would expect an employee to present to his employer to verify his inability to report to work), dated October 14, 1981, in which he indicates that plaintiff was then "totally disabled--to be admitted to hospital 10-18-81," there is no indication in the record from Dr. Johnson, following plaintiff's December 1981 back surgery, that her disability was total. In addition, plaintiff is not entitled to have applied to her claim the regulation she relies upon to establish the severity of her mental impairment, since that regulation was promulgated well after the Secretary had denied her claim. Nor does the report of Gerald Shiener, M.D., a psychiatrist, compel a finding of disability as defined by the Social Security Act. According to his report, Dr. Shiener was not plaintiff's attending psychiatrist (her attending psychiatrist did not submit evidence) but, rather, saw her only once, and relied heavily upon plaintiff's unsupported statement of her history of physical problems and treatment. Although Dr. Shiener believed she had a severe and permanent disabling psychiatric condition, he did not render an opinion that the disability left her without residual capacity to perform work. Certainly, the doctor's objective findings do not require a conclusion that she had no residual capacity.
 
 
 9
 Although there was objective medical evidence of impairment which could reasonably be expected to produce pain, there was substantial evidence to support the A.L.J.'s conclusion that the medical evidence did not reasonably support a finding that it produced pain of the intensity alleged to have been experienced by plaintiff.
 
 
 10
 Because the A.L.J.'s view of the extent of plaintiff's impairment was supported by substantial evidence, plaintiff's position, that the A.L.J. improperly applied the medical-vocational guidelines ("the grid") to determine that plaintiff retained the capacity to pursue less demanding work, is not well-taken. It is settled that the Secretary may rely upon these guidelines. Heckler v. Campbell, 461 U.S. 458, 468 (1983). By the same token, because the A.L.J. was not required by the evidence to accept plaintiff's characterization of the extent of her disability, the vocational expert's testimony did support a conclusion that suitable jobs existed in the national economy.
 
 
 11
 Accordingly, the order of the district court is affirmed.